KEN THERRIEN
413 NORTH SECOND STREET
YAKIMA, WA 98901
509.457.5991

Attorney for:
SUNDRON L. MILLER

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON
### (Honorable Stanley A. Bastian)

| | |
|---|---|
| UNITED STATE OF AMERICA, ) | NO.  22-CR-2041-SAB-2 |
| Plaintiff, ) | |
| vs. ) | DEFENDANT'S SENTENCING MEMORANDUM |
| SUNDRON L. MILLER, ) | |
| Defendant. ) | |

TO:         VANESSA R. WALDREF, United States Attorney
AND TO:   MICHAEL D. MURPHY, Assistant United States Attorney
AND TO:   JENNIFER M. DYKSTRA, United States Probation Office

SUNDRON L. MILLER, by and through his attorney of record, Ken Therrien hereby submits this sentencing memorandum in preparation for his sentencing hearing scheduled for March 26, 2024 at 11:00 a.m. in Yakima, Washington. At the time of his sentencing, Mr. Miller will request that he be allowed to serve any sentence imposed by this Court at the Federal Correctional Facility located in Sheridan, Oregon. Mr. Miller respectfully requests that he be allowed to supplement this memorandum if additional information important to the sentencing of this case becomes known to him.

DEFENDANT'S SENTENCING MEMORANDUM
Page  1

KEN THERRIEN, PLLC
413 NORTH SECOND STREET
YAKIMA, WA  98901
(509) 457-5991

# I. Base Offense Level & Enhancements

Sundron L. Miller respectfully submits that after the calculations conducted on paragraph 50 page 9 of the PSR ECF #107, the Greater of the Adjusted Offense Level computation have been correctly calculated at 30 and with a two-level increase pursuant to the number of united assigned by the amount indicated in the table at USSG §3D1.4 making Mr. Miller's Total Offense Level 32. Mr. Miller agrees that his criminal history score is "4" which places him in Criminal History Category III. Based on these calculations, Mr. Miller agrees with the following guideline calculation:

# II. Guideline Calculations

**Defense Guideline Calculation:**

**Count Group 1**: Car Jacking

| | | |
|---|---|---|
| 1. | Base Offense Level<br>18 U.S.C. § 2119<br>USSG §2B3.1. | 20 |
| 2. | Specific Offense<br>USSG §2B3.1(b)(3)(B),<br>USSG §2B3.1(b)(4)(A),<br>USSG §2B3.1(b)(5), | +4<br>+4<br>+2 |
| 3. | Adjusted for Role in the Offense | 0 |
| 4. | Adjusted Offense Level | 30 |

**Count Group 2:** Brandishing a Firearm During and in Relation to a Crime of Violence

| | | |
|---|---|---|
| 1. | Base Offense Level<br>18 U.S.C. § 924(c)(1)(A)<br>USSG §2K2.4. | 0 |
| 2. | Specific Offense | 0 |
| 3. | Adjusted for Role in the Offense | 0 |
| 4. | Adjusted Offense Level | 0 |

DEFENDANT'S SENTENCING MEMORANDUM
Page  2

KEN THERRIEN, PLLC
413 NORTH SECOND STREET
YAKIMA, WA  98901
(509) 457-5991

**Count Group 3:** *Felon in Possession of a Firearm and Ammunition*

| | | |
|---|---|---|
| 1. | Base Offense Level<br>18 U.S.C. § 922(g)(1)<br>USSG §2K2.1.<br>USSG§2K2.1(a)(6)(A). | <u>14</u> |
| 2. | Specific Offense | |
| 3. | Adjusted for Role in the Offense | <u>0</u> |
| 4. | Adjusted Offense Level | <u>14</u> |

**Count Group 4:** *Assault with Intent to Commit Murder*

| | | |
|---|---|---|
| 1. | Base Offense Level<br>18 U.S.C. § 113(a)(1)<br>USSG §2A2.1.<br>USSG §2A2.1(a)(2) | <u>27</u> |
| 2. | Specific Offense<br>USSG §2A2.1(b)(1)(B), | <u>+2</u> |
| 3. | Adjusted for Role in the Offense | <u>0</u> |
| 4. | Adjusted Offense Level | <u>29</u> |

5. **Acceptance of Responsibility**                                    0

    USSG §3E1.1.

6. **Total offense Level**                                              **32**

   a. Greater of the Adjusted Offense Level Above     **<u>30</u>**

   b. Increase in Offense Level                        **<u>+2</u>**

7. **Advisory Guidelines**                                     **168-210 Months**

Respectfully, Mr. Miller urges this Honorable Court to duly contemplate the presented facts and legal precedent detailed in this Sentencing Memorandum. It is earnestly requested that the Court, consider a sentence of 19 years and 7 months, which corresponds to the statutory mandatory minimum sentence as delineated in the 'Guideline provision' articulated in paragraphs 169 through 170, located on page 23

DEFENDANT'S SENTENCING MEMORANDUM
Page 3

KEN THERRIEN, PLLC
413 NORTH SECOND STREET
YAKIMA, WA 98901
(509) 457-5991

of the Pre-Sentence Report (PSR), ECF #107. This proposed sentence aligns with the parameters stipulated in the Sentencing Guidelines and adheres to the principle of imposing a penalty that is 'sufficient but not greater than necessary.'

### III.    Sentencing Factors under 18 U.S.C. 3553(a)

18 § U.S.C. 3553 sets out factors for the Sentencing Court when determining what sentence would be "sufficient but not greater than necessary," to comply with the purpose of the Sentencing Factors as it applies to each individual defendant. While no one factor is necessarily more determinative than the other, 18 § U.S.C. 3553 provides a sequential list of factors to assist the sentencing Court in its analysis.

The District Court may not presume that the guideline range is reasonable, nor should the guideline factors be given any more or less weight than any other. **United States v. Carty**, 520 F.3d 984, 991 (9th Cir. 2008) en banc, citing **Rita**[1], **Gall**[2], and **Kimbrough**[3]. The guidelines are but one factor to be considered in arriving at an appropriate sentence.

### IV.    Nature of the Offense

On August 11, 2023, the defendant Sundron Miller was found guilty by jury trial to four counts of a four-count superseding indictment. Count I: Carjacking, in violation of 18 U.S.C. § 2119, 2; Count II: Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A); Count IV Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2); and Count V: Assault with Intent to Commit Murder, in violation of 18 U.S.C. § 113(a)(1), 1153. Because the defendant was convicted following a jury trial, no plea agreement has been filed in this matter.

---

[1] Rita v. United States, 127 S.Ct.2430 (2007)
[2] Gall v. United States, 127 S.Ct.2833 (2007)
[3] Kimbrough v. United States, 128 S.Ct.558 (2007)

DEFENDANT'S SENTENCING MEMORANDUM
Page 4

KEN THERRIEN, PLLC
413 NORTH SECOND STREET
YAKIMA, WA 98901
(509) 457-5991

## V. The History and Characteristics of the Defendant

Sundron Larsell Miller, born on █████, 1986, in Yakima, Washington, encountered diverse hardships from the beginning of his life, from losing his father, Lamar Miller, to suicide just a week after his birth, to being turned over to his grandparents due to his mother's virulent substance abuse.

Raised by his maternal grandparents in White Swan, Mr. Miller found stability, love, and support in the longhouse and the church, excelling in athletics because of his grandparents unwavering encouragement. However, the passing of his grandmother 15 years ago marked a turning point in Mr. Miller's life, and the recent loss of his grandfather has added to his struggles in healing his mental health and substance abuse disorder.

Mr. Miller's complex relationship with his mother, whom battled alcoholism, led him to view his grandparents as his true parents. Following his grandmother's death, he spiraled into drug use, battling depression, and attempting suicide multiple times.

Despite these challenges, his yearning for a stable environment motived him in forming a family with Paula Cantu. Together Mr. Miller and Ms. Cantu share four children, whom he describes as "beautiful" and "fun." While incarcerated, Mr. Miller acknowledges the gravity of his actions, expressing regret for not being a better father and recognizing the strain that he has imposed on his family.

His health, both physical and mental, has suffered, with persistent foot pain and a history of concealed depression making it easy for him to turn to street drugs to ease these mental and physical pains. Mr. Miller's struggle with substance abuse started early, escalating from alcohol at 13 to methamphetamine, cocaine, and heroin by 14, all used as a coping mechanism. Despite completing substance abuse treatment and brief periods of sobriety, he faced multiple violations of supervised release, showing his crippling addiction to these substances.

DEFENDANT'S SENTENCING MEMORANDUM
Page  5

KEN THERRIEN, PLLC
413 NORTH SECOND STREET
YAKIMA, WA  98901
(509) 457-5991

His education was cut short at the 11th grade, and though he attempted to pursue a GED, addiction hindered his progress. Mr. Miller's work history in the mountains, from planting trees to operating a chainsaw, showcases a deep connection to his family's legacy, and a will to start working towards the right path. Looking forward, he aspires to work for his cousin's rock and asphalt company, emphasizing a desire for redemption and a chance to rebuild his life post-incarceration.

In considering Mr. Miller's story, it's evident that a difficult upbringing, compounded by loss and addiction, has shaped his path. As he faces sentencing, a nuanced understanding of his history underscores the importance of rehabilitation and support to break the cycle, offering him a chance for a better future.

### VI. Promote Respect for the Law, Adequate Deterrence and Protection of the Public, and Provide Just Punishment for the Offense.

Mr. Miller respectfully submits that sentencing him to 19 years and 7 months would be a sufficient but not greater than necessary sentence under the sentencing 'Guideline provision' articulated in paragraphs 169 through 170, located on page 23 of the Pre-Sentence Report (PSR), ECF #107.

This Court need not sentence Sundron L. Miller to any more than 22 years and 6 months, to satisfy this sentencing factor. This proposed sentence aligns with the parameters stipulated in the Sentencing Guidelines and adheres to the principle of imposing a penalty that is 'sufficient but not greater than necessary

As previously mentioned, Mr. Miller has four minor children with Ms. Cantu-Lopez.

"Children are blameless for the actions of their parents, but studies indicate that getting the incarcerated parent back into the household as soon as the law will allow is beneficial to children. "The impact of the loss of a parent to incarceration by children is a growing concern in this country. Based on studies conducted, more than

DEFENDANT'S SENTENCING MEMORANDUM  
Page 6

KEN THERRIEN, PLLC  
413 NORTH SECOND STREET  
YAKIMA, WA 98901  
(509) 457-5991

1.7 million children in this country will have a parent incarcerated in a prison facility" (*Federal Action Plan for Improving Responses to Children of Incarcerated Parents, 2009*). Children of incarcerated parents are at risk of poor school performance, mental health problems and extreme poverty. Id. (*In Prisoners' Wake, a Tide of Troubled Kids, Erik Eckholm, 2009*). The loss of a parent to prison can likely have a significant impact on the emotional, psychological, developmental and financial well-being of the child. (*Families Left Behind: The Hidden Costs of Incarceration and Reentry, Urban Institute Justice Policy Center, 2005*). Studies suggest that the quicker Mr. Miller is reunited with his family, the better it will be for them. There is also another part of incarceration that punishes the defendant for his behavior. Mr. Miller will miss birthdays, holidays, and special events that will never come again regarding his children.

## Prior Contact with the Criminal Justice System

Mr. Miller believes Part B of the PSIR (ECF 107) sufficiently addresses this issue.

The defendant, Sundron Larsell Miller, has a significant criminal history, including both juvenile adjudications and adult criminal convictions that show case his adverse environment beginning since adolescence:

**Juvenile Adjudications:**

1. Fourth Degree Assault (01/01/2003): Convicted at age 16; 8 days jail, 10 months supervision, $100 fine.
2. Minor Exhibit Effects of Alcohol (06/15/2003): Convicted at age 17; 10 days jail, 10 months supervision, $75 fine, $25 financial obligations.
3. Criminal Trespass (06/15/2003): Dismissed
4. Failure to Comply (01/29/2004): Sanctioned to 15 days Jail time.
5. Failure to Comply (11/23/2004): Sanctioned to 7 days Jail Time

DEFENDANT'S SENTENCING MEMORANDUM
Page 7

KEN THERRIEN, PLLC
413 NORTH SECOND STREET
YAKIMA, WA 98901
(509) 457-5991

**Adult Criminal Convictions:**

1. Attempting to Elude Police Vehicle, Second Degree Take Vehicle Without Permission (11/17/2004): Convicted at age 18; 40 days jail, $200 restitution, $500 fine, $810 financial obligations.

2. Driving Under the Influence (08/28/2009): Convicted at age 23; 365 days jail (364 suspended), 5 years' probation, $595.50 fine, $481.60 financial obligations.

3. Driving Under the Influence (07/05/2015): Convicted at age 29; 364 days jail (330 suspended), 5 years' probation, $1,153 fine, $137.15 financial obligations.

4. Felon in Possession of Firearm and Ammunition (05/10/2017): Convicted at age 31; 46 months prison, 3 years supervised release, $100 special assessment.

**Supervised Release Violations:**

1. Violations (January 4, 2021): Positive urinalysis for methamphetamine and fentanyl; sentenced to 5 months jail and 31 months supervised release.

2. Violations (November 24, 2021): Failed to report, consumed methamphetamine and fentanyl; a revocation hearing is scheduled.

**Other Criminal Conduct:**

- Various dismissed charges, including third-degree theft, DUI, reckless endangerment, assault, and unauthorized use of property.

- Pending charges for driving while license suspended and weapons carrying concealed, related to the current federal offense.

**Criminal History Computation:**

- Subtotal criminal history score: 4.

- Criminal History Category: III.

DEFENDANT'S SENTENCING MEMORANDUM
Page 8

KEN THERRIEN, PLLC
413 NORTH SECOND STREET
YAKIMA, WA 98901
(509) 457-5991

**Other Arrests:**

- Multiple arrests with dismissed charges, including third-degree theft, minor in possession, and disorderly conduct.

## VIII. Conclusion

In conclusion, Sundron L. Miller, through his attorney, Ken Therrien, respectfully implores this Honorable Court to consider the unique circumstances surrounding his life and the challenges he has faced from a young age. Mr. Miller's journey, marked by early trauma, loss, and a relentless struggle with substance abuse, has undoubtedly shaped his path.

The guideline calculations acknowledge the gravity of the offenses for which Mr. Miller stands convicted. However, it is crucial to view these calculations in light of the multifaceted adversities he has encountered throughout his life. Born into hardship, Mr. Miller faced the early loss of his father to suicide, leading to a tumultuous upbringing marked by substance abuse in his immediate family.

The recent loss of both maternal grandparents, who provided stability and support, has further exacerbated Mr. Miller's struggles with mental health and substance abuse disorders. Despite these challenges, he formed a family of his own with Paula Cantu, sharing the responsibility of raising four children.

Mr. Miller's history reflects a desperate attempt to find stability amid a turbulent environment, resorting to drugs as a coping mechanism. The spiral into addiction, attempts at rehabilitation, and repeated violations of supervised release underscore the complexity of his struggles.

It is not our intention to downplay the seriousness of the offenses committed. However, in considering an appropriate sentence, we urge the Court to recognize Mr. Miller's potential for rehabilitation and the transformative impact that a supportive environment can have on his future.

DEFENDANT'S SENTENCING MEMORANDUM
Page 9

KEN THERRIEN, PLLC
413 NORTH SECOND STREET
YAKIMA, WA 98901
(509) 457-5991

The request for a sentence aligning with the statutory mandatory minimum stems from a genuine belief that it reflects a balanced approach, considering both the gravity of the offenses and Mr. Miller's unique circumstances. We propose a sentence of 19 years and 7 months, which aligns with the parameters outlined in the Sentencing Guidelines and adheres to the principle of imposing a penalty that is 'sufficient but not greater than necessary.'

Section 3553(a) of the U.S. Code provides guidance on sentencing factors, emphasizing the need for an individualized approach. The history and characteristics of the defendant, as presented in this memorandum, underscore the importance of rehabilitation and support in breaking the cycle of criminal behavior.

In closing, Mr. Miller acknowledges the impact of his actions on his family and the victim's family, and expresses genuine remorse. The proposed sentence seeks to balance accountability with the recognition of the challenging circumstances that have shaped his life. It is our sincere hope that the Court will consider the entirety of Mr. Miller's story, recognizing the potential for positive change and the opportunity for a better future with the imposition of a fair and measured sentence.

Dated this 18th day of March, 2024.

/s/ Ken Therrien
KEN THERRIEN, WSBA #20291
Attorney for Sundron L. Miller
413 North Second Street
Yakima, WA 98901
(509) 457-5991
Fax: (509) 457-6197
kentherrien@msn.com

DEFENDANT'S SENTENCING MEMORANDUM
Page 10

KEN THERRIEN, PLLC
413 NORTH SECOND STREET
YAKIMA, WA 98901
(509) 457-5991

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury of the laws of the State of Washington that on March 18, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

- Michael Murphy, Assistant United States Attorney
- Jennifer Dykstra, US Probation Officer

    *s/ Ken Therrien*
KEN THERRIEN, WSBA #20291
Attorney for Sundron L. Miller
413 North Second Street
Yakima, WA  98901
(509) 457-5991
Fax: (509) 457-6197
kentherrien@msn.com

DEFENDANT'S SENTENCING MEMORANDUM
Page  11

KEN THERRIEN, PLLC
413 NORTH SECOND STREET
YAKIMA, WA  98901
(509) 457-5991